UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALLEN HARPER,

                 Petitioner,                               ORDER

        - against -                                08-CV-3442 (ENV) (LB)

ROBERT ERCOLE,

                 Respondent.
-----------------------------------------------------------------X
VITALIANO, D.J.

      Petitioner Allen Harper seeks a writ of habeas corpus pursuant to 28 U.S.C. section 2254. His petition was referred to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R") in accordance with 28 U.S.C. section 636(b). Harper, proceeding pro se, received the R&R on June 19, 2009 and timely filed his objections on July 1, 2009. Respondent has not filed a response. After careful consideration of Harper's objections, and for the reasons that follow, this Court adopts Judge Bloom's Report and Recommendation in its entirety as the opinion of the Court.

      Under 28 U.S.C. section 2244(d)(1), and absent extraordinary circumstances, see, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), Harper's petition was due one year from May 14, 2007, the date on which his judgment of conviction became final. On June 16, 2009, Magistrate Judge Bloom issued the R&R, in which she recommended that Harper's petition be dismissed as time-barred pursuant to 28 U.S.C. section 2244(d)(1). Although Magistrate Judge Bloom assumed that Harper was entitled to equitable tolling for the period of time that he was hospitalized (February 27, 2008 to June 3, 2008), she found that he still had failed to demonstrate the requisite "reasonable" diligence during the 65 days that it took for him to file his petition on August 7, 2008 following his

1

release from the hospital. See, e.g., Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008), cert. denied, 129 S. Ct. 168 (2008); Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam)). Accordingly, Magistrate Judge Bloom found that Harper did not qualify for equitable tolling during this critical time period.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the" magistrate judge. 28 U.S.C. § 636(b)(1)(C). A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

Petitioner's objection is simple. Essentially, he challenges Magistrate Judge Bloom's finding that, as a matter of fact, he failed to demonstrate the requisite diligence in filing his petition after his release from the hospital. In support of his claim, Harper offers only his naked assertion that "doctors feared that any attempt to move around too much could rupture the approximately one foot incision in [his] abdomen that had been left partially open to heal from the inside out" and that his doctors therefore advised him to "take it easy" following hospitalization.

As Magistrate Judge Bloom noted, "[t]o qualify for equitable tolling, the petitioner must prove (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way." R&R at 4 (citing Pace, 544 U.S. at 418). Although, generally speaking, "equitable tolling is appropriate 'where a plaintiff's medical condition . . . prevented [him] from proceeding in a timely fashion,'" Rios v. Mazzuca, 78 Fed. Appx. 742, 744 (2d Cir.

2

2003) (quoting Zerilli-Edelglass v. N.Y. City Trans. Auth., 333 F.3d 74, 80 (2d Cir. 2003)), such an extraordinary circumstance by itself is not enough to justify equitable tolling. See, e.g., Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003) (citing Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)). Indeed, "'if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.'" Id. at 150 (quoting Walker, 255 F.3d at 75). Here, even if Harper had sufficiently demonstrated extraordinary circumstances during the 65 days following his release from the hospital—which he has not (the need to "take it easy", without showing more, hardly rises to the level of "extraordinary circumstances")—the Court agrees with Magistrate Judge Bloom that Harper failed to exercise reasonable diligence throughout the 65-day period that he seeks to have tolled.

After a careful de novo review of all the evidence in the record below, the Court finds Magistrate Judge Bloom's R&R to be correct, comprehensive, well-reasoned, and free of any clear error. The R&R filed by Magistrate Judge Bloom is, therefore, adopted in its entirety as the opinion of the Court. The Clerk is directed to enter Judgment in accordance with this opinion and to close this case.

SO ORDERED.

DATED: Brooklyn, New York
December 16, 2009

ERIC N. VITALIANO
United States District Judge